

**TV / ALL**
**Transmittal Number: 32572331**
**Date Processed: 10/29/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>1 Nationwide Plz<br>Columbus, OH 43215-2226 |
| **Electronic copy provided to:** | Dawn DeRan |

| | |
|---|---|
| **Entity:** | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| **Entity Served:** | Nationwide General Insurance Company |
| **Title of Action:** | Palmer Acevedo LLC DBA En Fuego vs. Nationwide General Insurance Company |
| **Matter Name/ID:** | Palmer Acevedo LLC DBA En Fuego vs. Nationwide General Insurance Company (18092814) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Collin County District Court, TX |
| **Case/Reference No:** | 429-08345-2025 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/28/2025 |
| **Answer or Appearance Due:** | 10:00 am on the Monday next following the expiration of twenty days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Dugas & Circelli PLLC<br>n/a |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT**

**A**

Electronically Served
10/23/2025 12:15 PM

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-08345-2025

*PCC-6008*
*10-28-25*

Palmer Acevedo LLC dba En Fuego vs. Nationwide
General Insurance Company

In the 429th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  Nationwide General Insurance Company
Registered Agent Corporation Service Company
211 E 7th St
Suite 620
Austin TX  78701-3218, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by J. Trent Cooper  Dugas & Circelli PLLC  4800 Bryant Irvin Ct  Fort Worth TX 76107 (Attorney for Plaintiff or Plaintiffs), on the 16th day of October, 2025 in this case, numbered 429-08345-2025 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 23rd day of October, 2025.

ATTEST: Michael Gould, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By _Kristi Green_ , Deputy
Kristi Green

**The law prohibits the Judge and the clerks from giving legal advice. Any questions you have should be directed to an attorney.**

Electronically Served
10/23/2025 12:15 PM

## SHERIFF'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____M., and executed

in _____ County, Texas, by delivering to the within named Respondent/Defendant, to-wit:

_____ at _____ o'clock___M., on the _____ day of _____, 20_____,

_____ at _____ o'clock___M., on the _____ day of _____, 20_____,

_____ at _____ o'clock___M., on the _____ day of _____, 20_____,

each, in person, a true copy of this instrument with a true and correct copy of the document attached thereto having first endorsed on such copy of said instrument the date of delivery.

( ) Not executed.  The diligence used in finding defendant being _____

_____

( ) Information received as to the whereabouts of defendant being _____

_____

Total Fees ..............$_____

_____ Sheriff/Constable/District Clerk

_____County, Texas

By _____, Deputy

**Service by Rule 106 TRC if directed by attached Court Order


## VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, this _____ day of

_____, 20_____.

Filed: 10/16/2025 12:06 PM
Michael Gould
District Clerk
Collin County, Texas
By Roseanne Summers Deputy
Envelope ID: 106926888

429-08345-2025

CAUSE NO. _____

| | | |
|---|---|---|
| PALMER ACEVEDO LLC DBA EN FUEGO, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| vs. | § § | ____ JUDICIAL DISTRICT |
| NATIONWIDE GENERAL INSURANCE COMPANY, | § § § | COLLIN COUNTY, TEXAS |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

PALMER ACEVEDO LLC DBA EN FUEGO, Plaintiff herein, files this its Original Petition against Defendant, NATIONWIDE GENERAL INSURANCE COMPANY, and, in support of its causes of action, would respectfully show the Court the following:

### I.    PARTIES

1.    Plaintiff PALMER ACEVEDO LLC DBA EN FUEGO is a Texas limited liability company operating a cigar lounge at the insured property located at: 301 E. Virginia St., Ste. 101, McKinney, Collin County, Texas 75069-4327 (the "Property").

2.    Defendant NATIONWIDE GENERAL INSURANCE COMPANY ("Defendant" or "Nationwide") is a foreign insurance company engaged in the business of insurance in the State of Texas and may be served with process by serving its registered agent: Corporation Service Company att 211 E 7th St., Ste 620 Austin, TX 78701-3218. Service is requested at this time.

### II.    DISCOVERY

3.    Plaintiff intends to conduct discovery under a Level 3 control plan pursuant to the Texas Rules of Civil Procedure.

### III.    CLAIM FOR RELIEF

4.    At this time, Plaintiff cannot assess accurately a definite limit to the damages they have sustained, or will sustain in the future, as a result of Defendant's acts. Given the early state of this litigation, projections have not been declared regarding the full extent and severity of the injuries and damages. In view of these circumstances, Plaintiff does not wish to impose any limit on what it may present to the jury or what the jury may consider as a range of damages in this case; however, Plaintiff makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief over $250,000 but not more than $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on its damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses, and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), it desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

### IV.    JURISDICTION AND VENUE

5.    This court has subject matter jurisdiction of this cause of action, because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.    Venue is proper in Collin County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

**Plaintiff's Original Petition**                                                        **Page 2**

## V.    FACTUAL BACKGROUND

7.    Plaintiff entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Plaintiff's business personal property, tenant improvements and betterments, and business income at the Property.

8.    The agreement was drafted by Defendant and assigned Policy Number ACP BP013220999743 (the "Policy").

9.    Coverage under the Policy covers physical damage to tenant improvements and betterments, business personal property, and business income losses resulting from water damage and other covered causes of loss.

10.    On or about October 22, 2024, a catastrophic water loss occurred at the Property, causing extensive damage throughout the cigar lounge. The water damage affected the spray foam insulated roof panels, drop ceiling tiles, electrical systems, smoke detectors, emergency lighting, walls, paneling, shelving, cabinetry, and other tenant improvements throughout the Property.

11.    The water damage also destroyed or damaged Plaintiff's business personal property including inventory, furniture, equipment, and fixtures essential to the cigar lounge operations.

12.    The water damage rendered the Property completely unusable for its intended purpose as a cigar lounge, forcing a total suspension of business operations from approximately October 22, 2024 through December 5, 2024.

13.    Plaintiff timely filed a claim under the Policy.

14.    Defendant assigned the claim, claim number 108745-GQ (the "Claim").

### A.  Investigation, Estimates and Inadequate Payments

15.    Following Plaintiff's submission of the Claim, Defendant's adjusters inspected the Property and acknowledged covered damage.

16.     Defendant made an initial payment of $36,034.05 toward the tenant improvement damages.

17.     Despite clear evidence of extensive damage, Defendant then subjected Plaintiff to an unreasonable and bad faith investigation, including demanding a recorded statement through a member of Defendant's Special Investigations Unit (SIU) on April 10, 2025.

18.     Plaintiff fully cooperated with the SIU investigation and recorded statement, answering all questions and providing all requested documentation.

19.     Despite Plaintiff's complete cooperation, Defendant's adjuster, James Walk, unreasonably demanded a second recorded interview on August 19, 2025, after Plaintiff had retained counsel - a clear indication of Defendant's bad faith intent to delay and deny legitimate coverage.

20.     On August 22, 2025, nearly ten months after the loss, Defendant finally issued a supplemental estimate acknowledging additional damages of $6,786.57 ACV for tenant improvements.

21.     However, even with both payments combined, Defendant has paid only approximately $43,820.62 toward tenant improvement damages when the actual cost to repair is $275,892.67 - leaving Plaintiff with uncompensated damages exceeding $200,000 for tenant improvements alone.

22.     Plaintiff's public adjuster conducted a comprehensive inspection and determined that Defendant's scope of repairs substantially failed to account for:

    a.  The full extent of damage to spray foam insulated roof panels requiring removal and replacement;

    b.  Extensive damage to suspended ceiling grids and acoustic ceiling tiles throughout multiple areas;

    c.  Damage to electrical components including track lighting, fixtures, and emergency lighting systems;

    d.  Necessary removal and replacement of damaged paneling and wood wall finishes, including premium grade paneling in the humidor area;

    e.  Water damage to shelving systems and display cases critical to the cigar lounge operations;

    f.  Required anti-microbial treatment of affected areas;

    g.  Damage to HVAC registers and ventilation systems;

    h.  Interior door units and hardware affected by water exposure;

    i.  Necessary painting and refinishing of walls, trim, and other surfaces;

    j.  General conditions, supervision, and project management costs for a commercial restoration project of this magnitude; and

    k.  Current market conditions and pricing for commercial construction in the Dallas-Fort Worth area.

23.    Despite Plaintiff's submission of a detailed contents list documenting $122,380.14 in damaged or destroyed business personal property, along with all supporting documentation, Defendant has refused to pay even one dollar for these covered losses.

24.    Additionally, while Defendant acknowledged business income losses in the deficient amount of $24,429, it has failed to pay this amount in full.

25.    To date, despite Plaintiff's full cooperation including participating in multiple recorded statements and providing extensive documentation, Defendant has paid only a fraction of the $275,892.67 in tenant improvement damages, paid $0 of the $122,380.14 in business personal property losses, and failed to fully pay the acknowledged business income losses of $24,429, which is still deficient.

26.    Defendant's adjusters performed an outcome-oriented investigation designed to minimize Plaintiff's recovery, including subjecting Plaintiff to unnecessary SIU investigation and multiple recorded statements, rather than fairly evaluating and promptly paying the extensive damage to this commercial property.

**B. Policy Compliance**

27.    Plaintiff fully complied with all requirements under the Policy to properly notify the Defendant of the loss to their covered property.

## VI.    CAUSES OF ACTION

**A.    Breach of Contract**

28.    Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 to 27 of this Petition.

29.    Defendant entered into the Policy with Plaintiff in exchange for valuable consideration in the form of premium payments.

30.    Plaintiff's Property sustained covered water damage during the Policy Period.

31.    Defendant has breached the terms of the Policy by:

  a.   Wrongfully underpaying covered damages to tenant improvements and betterments;

  b.   Refusing to pay any amount for covered business personal property losses despite receiving complete documentation;

  c.   Failing to pay the full business income losses sustained by Plaintiff;

  d.   Subjecting Plaintiff to unreasonable and repetitive investigations designed to delay payment.

32.    As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has sustained: (1) actual damages exceeding $342,000 for unpaid property damage and business income losses,

(2) consequential damages including inability to operate its business and serve its customers, and (3) reasonable and necessary attorney's fees.

**B.      Insurance Code Violations**

33.      Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 to 32 of this Petition.

*Prompt Payment of Claims Statute*

34.      As set forth above, Plaintiff was insured under the Policy during the Policy Period.

35.      During the Policy Period, a covered water loss occurred at the cigar lounge and damaged Plaintiff's Property.

36.      As a result, Plaintiff gave proper notice of a claim under the Policy to Defendant.

37.      Defendant acknowledged the Claim and coverage but has failed to pay the full amount owed.

38.      More than 60 days have passed since Defendant received all items, statements, and forms reasonably requested and required, including the detailed contents inventory submitted by Plaintiff.

39.      Defendant has violated Chapter 542 of the Texas Insurance Code by:

    a.   Failing to acknowledge receipt of the claim in writing within 15 days as required by § 542.055;

    b.   Failing to commence investigation of the claim within 15 days as required by § 542.055;

    c.   Failing to request additional information within 15 days as required by § 542.055;

    d.   Failing to accept or reject the claim within 15 days after receipt of all requested information as required by § 542.056;

e.  Delaying payment of the claim for more than 60 days after receipt of all information as required by § 542.058; and

f.  Conducting unreasonable and repetitive investigations including multiple recorded statements designed to delay payment.

40.    The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.058 of the Texas Insurance Code.

41.    As a result of the insurance code violations listed above, Plaintiffs, in addition to Plaintiff's claim for damages, is entitled to statutory interest and attorney's fees as set forth in Article 542.060 of the Texas Insurance Code.

*541 Insurance Code Violations*

42.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

*Violation of § 541.060(a)(1):*

43.    Defendant violated § 541.060(a)(1) by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue by undervaluing the damage to the Property.

44.    Specifically, Defendant has misrepresented the following:

a.  Misrepresenting that minimal repairs would restore tenant improvements when the actual cost exceeds $275,000;

b.  Misrepresenting that business personal property losses were not covered or compensable;

c.  Misrepresenting the scope of covered damage;

d.  Misrepresenting that the extensive water damage throughout the Property could be addressed without complete remediation and replacement of damaged components.

**Plaintiff's Original Petition**                                                                 **Page 8**

*Violation of § 541.060(a)(2):*

45. Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim as insurer's liability had become reasonably clear that the covered damage caused substantial damage to Plaintiff's property.

46. Defendant has failed to attempt in good faith to effectuate a prompt, fair and equitable settlement by:

     a.     Conducting an outcome-oriented investigation;

     b.     Subjecting Plaintiff to SIU investigation and multiple recorded statements without reasonable basis;

     c.     Ignoring obvious and extensive water damage throughout the Property;

     d.     Failing to properly scope necessary repairs;

     e.     Refusing to pay any amount for documented business personal property losses;

     f.     Offering to pay only a fraction of the actual damages despite clear evidence of extensive damage.

47. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(2), which proximately caused Plaintiff's damages.

*Violation of § 541.060(a)(3):*

48. Defendant violated § 541.060(a)(3) by failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the Claim or offer of a compromise settlement of a claim by:

     a.     Its gross underpayment of the tenant improvement damages;

     b.     Its complete refusal to pay any business personal property damages;

     c.     Its failure to fully pay acknowledged business income losses.

49.     Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(3), which proximately caused Plaintiff's damages.

*Violation of § 541.060(a)(4):*

50.     Defendant violated § 541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff by failing to confirm coverage for business personal property losses for over ten months despite receiving complete documentation.

*Violation of § 541.060(a)(7):*

51. Defendant Defendant violated § 541.060(a)(7) by refusing to pay the Claim without conducting a reasonable investigation by:

    a.      Failing to properly document the extensive water damage;

    b.      Failing to obtain accurate pricing for commercial restoration work;

    c.      Ignoring industry standards for water damage remediation in commercial properties;

    d.      Conducting multiple recorded statements as a delay tactic rather than to obtain necessary information;

    e.      Refusing to evaluate or pay documented business personal property losses.

52.     Each of these acts and omissions constitutes a violation of Chapter 541 which proximately caused Plaintiff's damages.

53.     Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(7), which proximately caused Plaintiff's damages.

**C.      DTPA Violations**

54.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 to 53 of this Petition.

55.    At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

56.    Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

57.    Defendant has violated the Texas Deceptive Trade Practices Act in the following respects:

(1)    Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)    Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and

(3)    by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing; and engaging in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)–(3) in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

58.    Upon information and belief, Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.    Breach of The Duty of Good Faith and Fair Dealing**

59.    Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 to 58 of this Petition.

60.    Defendant owed Plaintiff a common law duty of good faith and fair dealing.

61.    Defendant breached this duty by:

a.    Conducting an outcome-oriented investigation;

b.    Subjecting Plaintiff to unreasonable SIU investigation and multiple recorded statements;

      c.        Grossly undervaluing obvious and extensive damage;

      d.       Refusing to pay any amount for documented business personal property losses;

      e.        Failing to fairly evaluate Plaintiff's losses;

      f.        Delaying and underpaying the Claim when liability was reasonably clear; and

      g.       Forcing Plaintiff to retain counsel and file suit to recover policy benefits clearly owed.

62.     Defendant knew its actions would result in underpayment of the Claim and cause extraordinary harm to Plaintiff's business operations.

63.     Defendant's actions were performed intentionally or with gross negligence with respect to Plaintiff's rights under the Policy and Plaintiff's economic wellbeing.

64.     As a result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has sustained actual damages and is entitled to exemplary damages.

### VII.    ATTORNEY'S FEES

65.     Plaintiff has been required to retain the undersigned attorneys to prosecute this lawsuit and has agreed to pay reasonable attorney's fees.

66.     Plaintiff is entitled to recover attorney's fees under Tex. Civ. Prac. & Rem. Code §§ 38.001-38.003, Chapter 541 and 542 of the Texas Insurance Code, and § 17.50(d) of the DTPA.

### VIII.    CONDITIONS PRECEDENT

67.     All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## IX.   DEMAND FOR JURY

68.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, they recover actual damages, consequential damages, damages for violations of the Texas Insurance Code, statutory interest, mental anguish and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

*/s/ J. Trent Cooper*
Preston J. Dugas
State Bar No. 24050189
pdugas@dcclawfirm.com
J. Trent Cooper
State Bar No. 24120108
tcooper@dcclawfirm.com
Jordan M. Torry
State Bar No. 24058152
jtorry@dcclawfirm.com

**DUGAS & CIRCELLI PLLC**
4800 Bryant Irvin Ct.
Fort Worth, Texas 76107
Tel. (817) 817-7000
Fax. (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Justis Ojo on behalf of Trent Cooper
Bar No. 24120108
jojo@dcclawfirm.com
Envelope ID: 106926888
Filing Code Description: Plaintiff's Original Petition (OCA)
Filing Description:
Status as of 10/17/2025 11:31 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| J. TrentCooper | | tcooper@dcclawfirm.com | 10/16/2025 12:06:04 PM | SENT |
| Justis Ojo | | jojo@dcclawfirm.com | 10/16/2025 12:06:04 PM | SENT |